IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEWIS FREDERICK,                                         No. 3:23-cv-01740-JR

            Plaintiff(s),                       ORDER

      v.

VENDOR RESOURCE MANAGEMENT, INC.
dba VRM MORTGAGE SERVICES,
RUSHMORE LOAN INVESTMENT
SERVICES, LLC,

            Defendant(s).

HERNÁNDEZ, District Judge:

      Magistrate Judge Jolie A. Russo issued a Findings and Recommendation on March 12, 2024, in which she recommends that this Court grant Defendant Vendor Resource Management's Motion to Dismiss and enter a judgment dismissing this matter without prejudice. F&R, ECF 15. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF 17. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

Plaintiff does not challenge Judge Russo's analysis of venue or her conclusion that Plaintiff failed to establish that venue is proper under 28 U.S.C. § 1391(b). In his Objections, however, Plaintiff requests for the first time that the Court transfer venue of this matter to the Middle District of Alabama rather than dismiss the case. Defendants oppose transfer.

"When venue is improper, the district court can either dismiss the action [under Rule 12(b)(3)], or if it be 'in the interest of justice,' transfer" the case to an appropriate jurisdiction. *Crosby v. Neff*, No. 1:23-CV-01363-CDB, 2024 WL 732097, at *1 (E.D. Cal. Feb. 22, 2024) (quoting 28 U.S.C. § 1406(a)). *See also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (same). To determine whether to transfer or dismiss a case, the district court "may consider: the applicable statute of limitations, the relative injustice imposed on the parties, whether the suit was filed in bad faith or for harassment, whether the plaintiff has requested or shown an interest in a transfer, and whether the chosen venue was clearly or obviously improper." *Crosby*, 2024 WL 732097, at *1 (citing *King*, 963 F.2d at 1304-05; *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 588 (9th Cir. 1992); *Wood v. Santa Barbara Chamber of Com.*, 705 F.2d 1515, 1523 (9th Cir. 1983)).

Plaintiff asserts that a transfer of this matter to the Middle District of Alabama would be in the interest of justice, but does not discuss or analyze any of the relevant factors. A review of the Complaint and Rushmore Loan Management Services' Answer does not suggest an issue

with any applicable statute of limitations and Defendants do not assert the matter was filed in bad faith. Defendants, however, point out that Oregon was clearly and obviously the improper venue. The Court agrees. As Judge Russo noted in the Findings and Recommendation, the Complaint does not allege any connection to Oregon. The allegedly wrongfully converted property is located in Alabama, the underlying events occurred in Alabama, and neither Defendant is incorporated or doing business in Oregon. In addition, because Plaintiff alleged only a state-law claim for conversion this matter could be filed in either Alabama state or federal court. These factors weigh against transfer of this matter. Under these circumstances the Court finds dismissal rather than transfer is appropriate.

## CONCLUSION

The Court ADOPTS Magistrate Judge Russo's Findings and Recommendation, ECF 15. The Court, therefore, grants Defendant's Motion to Dismiss, ECF 13, and dismisses this matter without prejudice.

IT IS SO ORDERED.

DATED: _____April 6, 2024_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge